*489
 
 Tayuor, Chief-Justice.
 

 It is said in the books that the Crown may demand that the witnesses should retire in order that each may be examined in thesabsencc of the others; and that the same order will be made on the request of the Defendant, as a matter of indulgence, but not of right. It is probable that the difference arose from the practice of not suffering witnesses to be sworn against the King' upon indictments for capital crimes ; and, anciently, from the prisoner’s not being permitted to call witnesses at all. A criminal trial was formerly considered a.n inquisition on the part of the Crown, wherein the Jury were to decide upon the prisoner’s guilt or innocence, according to the evidence offered in
 
 support
 
 of the prosecution: and this practice was not entirely abolished till the reign of Queen Mary.
 
 *
 
 The rights of the prisoner were in practice circumscribed within narrow limits; though Lord Coke says, “ he never read in any statute, antient author,
 
 “
 
 book, case or record, that in criminal cases the party “ accused should not have witnesses sworn for hjm ; and,
 
 “
 
 therefore, that there is not so much as
 
 sdnlilla juris ic
 
 against it.” Whatever may be the origin of the practice of sending out the witnesses for the prosecution, I am of opinion that usage lias, here at least, matured it into a right, which ought to he preserved with equal care for the State and the accused. The object of it is the ascertainment of truth, and the detection of a previous concert among witnesses, to impute guilt to an innocent man, or to screen a guilty one from the penalty of the law. The interests of public justice will be best consulted by allowing no advantage to the State, which is not enjoyed by the accused, whom the law regards as innocent until he be convicted. I can perceive no safe medium between receiving it as a right, or abolishing it altogether. If it he understood that it is accorded to the prisoner as a matter of indulgence, and, therefore, that a punctual observance of it shall, in the event of his conviction, be dispensed with,
 
 *490
 
 a temptation to abuse will be offered to witnesses and pro-secntors, the effect of which cannot always be counteracted by the utmost vigilance of the law officers of the If, however, the rule is to be departed from in any case, it ought to be upon some special reason shown to the Court upon affidavit, and not as a matter of course upon motion. Considering’ the subject in this light, I am disposed to believe,
 
 in favorem vilm,
 
 that the first ground relied upon is sufficient for a new trial.
 

 With respect to the other reason, the law appears to be well settled that if a Jury take refreshment before they be agreed, at the charge of the party for whom they find a verdict, it shall be avoided.
 
 *
 
 The fact of the Jury taking refreshment is shewn by the affidavits, but it docs not appear to have been at tiie charge of the State or the prosecutor. It cannot, consequently, be a good reason for a new trial.
 

 Hah, Judge.
 

 Originally, when a prisoner was put «pon his trial, he was not entitled to the, benefit of witnesses; and when afterwards they were allowed here, they could not be examined upon oatli: but, by the statutes of 1 Anne, and 9 Chs. 2d, they are placed upon the same footing witli those adduced against him by the Crown.
 
 †
 
 But before the examination of the witnesses commences, the Crown may demand that they shall retire, in order that each may be examined in the absence of the others; and the same order will be made on the request of the Defendant, but as matter of indulgence, and not of right.
 
 ‡
 

 However well calculated the rule, which requires the separation of witnesses on their examination, may be to arrive at the truth, it seems to be altogether arbitrary. In .England, we have seen that a prisoner cannot claim it as a matter of right, nor is such a right guaranteed to him in this State. And such is the spirit of our Constitution,
 
 *491
 
 that it will not extend any privilege to the State that it denies to a prisoner : the rule must work both ways as to them. Therefore neither can claim it as matter of right; and from what has been said, it may be plainly inferred that no such rule is sanctioned by the Common Law.
 

 But the Constitution of the State declares that every man has a right to be informed of the accusation against him, and to confront the accusers and witnesses with other* testimony: and if the prisoner, when the proper time comes, has a right to introduce his witnesses, as the Constitution authorises him to do, he would not forfeit that right, if, either through inadvertence or design, he or the State omitted to call their witnesses when directed to do so, in order that they might be separated. The Court have a right to propose it, and a refusal by either party to comply would be open to observation, and, no doubt, might make an unfavorable impression on the minds of those whose province it is to weigh the testimony. It is not a consequence of this view of the case, that the prisoner or the State may properly claim to introduce witnesses after the arguments are gone through. The answer to such an attempt would be, that an opportunity had been already afforded of introducing testimony, and if the parties have not availed themselves of it, it is their Own fault, and is then too late, unless, indeed, they offer to the Court satisfactory reasons why such testimony was not sooner offered; in which case, no doubt, it would be received.
 

 As to the conduct of the Jury in their retirement, although eating and drinking, at their own expense, > was a misdemeanor in them, yet, as it was not procured by that party in favor of whom a verdict was rendered, the verdict on that account ought not to be set aside. Upon a full consideration of the case, I think a new trial ought not to be granted.
 

 *
 

 4 Bl. Com. 359. 3 Inst.
 
 70.
 

 *
 

 Co. Lit.
 
 227,
 
 b.
 

 †
 

 1 Chitty on Crim. Law, 80. 4 Bl. Com, 360.
 

 ‡
 

 1 Chitty, 618, 2
 
 Bacon
 
 — Evidence—Letter E, Note B.